**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIC HARGROVE,

                Petitioner,

                                        CIVIL ACTION NO. 05-CV-73839-DT

v.                                      HON. MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

CAROL HOWES,

                Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Eric Hargrove, (Petitioner), presently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the petition for writ of habeas corpus is summarily dismissed.

## I. Background

Petitioner claims that the Bureau of Alcohol, Tobacco, and Firearms (A.T.F.) raided a residence in Ypsilanti, Michigan in January of 2003. A.T.F. agents recovered drugs, drug related contraband, money, and a handgun from the residence. Petitioner and other persons were present at the home, but no one was arrested.

Petitioner was subsequently sentenced to state prison for an unrelated offense. Petitioner was scheduled to be released on parole, but his parole was revoked because of the issuance of a federal warrant against petitioner by the

A.T.F. for violating federal firearms laws.

Petitioner claims that the U.S. Attorney has failed to promptly schedule his federal criminal case for an arraignment.  Petitioner also argues that his right to a speedy trial has been violated.  However, on September 6, 2005, petitioner was indicted by a federal grand jury for the offenses of felon in possession of a firearm and possession with intent to distribute cocaine base.  The case has been assigned to Judge Gerald E. Rosen.  An arraignment has been scheduled for November 9, 2005 at 1:00 p.m. *See United States v. Hargrove,* U.S.D.C. 05-80798-DT. [1]

## II.  Discussion

The instant petition must be dismissed, because petitioner's claims have been mooted by his indictment and the scheduling of an arraignment in this case.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986).  Because it

---

[1]   A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000); *See also Irving v. Bouchard,* 2005 WL 1802122, * 1 (E.D. Mich. July 25, 2005).

2

strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Medberry v. Crosby,* 351 F. 3d 1049, 1054, n. 3 (11th Cir. 2003).

In this case, petitioner's claim that he was not promptly charged and arraigned on his federal criminal charges has been rendered moot by the fact that he was indicted by a federal grand jury and an arraignment has been scheduled. *See Jordan v. Hood,* 117 Fed. Appx. 31, 32 (10th Cir. 2004). The instant petition is therefore subject to dismissal. *Id.*

In addition, a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is an inappropriate remedy for a federal pre-trial detainee to allege that he is being detained in violation of his right to a speedy trial. *See Kotmair v. United States,* 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001). "[P]rinciples of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court." *Id.* Thus, where habeas claims raised by a federal pre-trial detainee would be dispositive of any pending federal criminal charges, "principles of federal court efficiency require that the [habeas] petitioner exhaust those claims by presenting them at trial and then on direct appeal." *Kotmair,* 143 F. Supp. 2d at 534 *(quoting Moore v. U.S.,* 875 F. Supp. 620, 624 (D.Neb. 1994)). Therefore, to the extent that petitioner is seeking the dismissal of his pending federal criminal charges on the ground that his right to speedy trial has been violated, his appropriate remedy

3

would be to file a pre-trial motion with the federal district court to whom his federal criminal case has been assigned. *Kotmair,* 143 F. Supp. 2d at 534.

### III.  ORDER

**IT IS ORDERED** that the petition for writ of habeas corpus is **SUMMARILY DISMISSED**.

<u>s/Marianne O. Battani</u>
**HON. MARIANNE O. BATTANI**
**UNITED STATES DISTRICT JUDGE**

**DATED:** <u>November 10, 2005</u>

4